ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| ROSA BURGOS FRAGOSO<br><br>Apelante<br><br>v.<br><br>EX PARTE | KLAN202400707 | Apelación, acogida como *Certiorari*, procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm.: BY2023RF02226<br><br>Sobre: Declaración de Incapacidad y Nombramiento de Tutor/a |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 25 de septiembre de 2024.

La peticionaria Rosa Burgos Fragoso nos solicita que dejemos sin efecto la *Sentencia* que emitió el Tribunal de Primera Instancia, Sala de Bayamón, el 6 de junio de 2024, notificada el día siguiente. Mediante esta, el foro primario desestimó, sin perjuicio, la petición sobre declaración de incapacidad y nombramiento de tutor que interpuso la aquí peticionaria.

Por los fundamentos que expondremos a continuación, *Revocamos* la Sentencia recurrida.

### I.

El 18 de diciembre de 2023, Rosa Burgos Fragoso incoó una *Solicitud de declaración de incapacidad y nombramiento de tutor* para su hermana Margarita Burgos Fragoso. En particular, informó que su hermana, de 59 años, estaba incapacitada para administrar su persona y sus bienes debido a varias condiciones de salud que incluyen, entre otras, retardación mental y epilepsia.

La Peticionaria sostuvo que es la persona que se ha encargado del cuidado de su hermana, ya que la madre de ambas tiene 100 años. Junto a la petición, incluyó varios documentos.

El 19 de diciembre de 2023 el foro primario emitió y notificó la siguiente orden:

Se ha presentado a la consideración de este Tribunal una petición de declaración de incapacidad y nombramiento de tutor/a. Toda Petición deberá estar acompañada de:

1. Nombre completo y/o nombres por los que se le conoce al/la presunto/a incapaz y la dirección física y postal de su residencia o del hogar o institución en la que se encuentra ubicado/a.

2. Proyecto de emplazamiento para el/la presunto/a incapaz y para el/la Administrador/a del hogar o institución, si aplica. Se apercibe a la parte peticionaria que deben haber transcurrido treinta días posteriores al diligenciamiento de dicho emplazamiento para que pueda celebrarse la vista.

3. Notificación personal de la petición y consentimiento escrito de los familiares o personas con derecho a ejercer el cargo de tutor/a. Deberán presentarse los nombres completos y sus direcciones. De no presentarse las correspondientes Declaraciones Juradas aceptando las alegaciones de la petición, estas personas deberán comparecer a la vista para prestar su anuencia a la designación. En caso de que las declaraciones juradas sean prestadas por personas que residen fuera de la jurisdicción de Puerto Rico deberá acompañarse la certificación del o la *County Clerk* acreditando la comisión del/la notario /a.

4. Nombre, dirección, *curriculum vitae* del/la facultativo/a médico/a que declarará en la vista y el informe pericial que ha rendido sobre la condición o condiciones incapacitantes.

5. Certificado de nacimiento del/la presunto/a incapaz.

6. Número de seguro social del/la presunto/a incapaz.

7. Certificado de Matrimonio del cónyuge del/de la presunto/a incapaz; si aplica. En su defecto, Certificado de Defunción.

8. Sentencia de Divorcio de presunto/a incapaz, certificada. (Si aplica).

9. Copia de la tarjeta electoral del/ la presunto/a incapaz. (Si aplica). En caso de que el tribunal acoja la petición, dicha tarjeta debe ser remitida al Tribunal,

para enviarla, a su vez, a la Comisión Estatal de Elecciones para que se proceda a eliminar al/la incapaz del registro de electores hábiles.

10. Número de licencia de conducir del/la presunto/a incapaz (si aplica).
(Preséntese copia de la licencia).

11. Informe socioeconómico del/la presunto/a incapaz, que debe realizar una persona calificada para ello. En caso de que se aluda a una condición de indigencia del/la presunto/a incapaz y/o del/la candidato/a tutor/a, el tribunal podrá tomar medidas, una vez determinada la indigencia aludida.

12. Nombre y dirección de los/as herederos/as del/la presunto/a incapaz.

13. Certificación negativa del Tribunal de Quiebras de la parte peticionaria.

14. Declaración Jurada de Aceptación de Cargo de Tutor/a por la parte peticionaria.

**Tenga la parte peticionaria 15 días para cumplir con lo antes mencionado y que no se haya incluido con la presentación inicial de la petición. En caso de que no haya presentado el o los proyectos de emplazamiento, tenga 2 días.**
[……..]

El 30 de diciembre de 2023, Burgos Fragoso solicitó que se le expidiera *el emplazamiento para su hermana* Margarita Burgos.[1]  El emplazamiento fue diligenciado el 14 de enero de 2024 y el 16 de enero de 2024 fue juramentado ante la Secretaría del Tribunal.[2]  El 27 de enero de 2024 la peticionaria lo incluyó en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).  Ese día, 27 de enero, la peticionaria también presentó una *Moción para Someter Documentos en Apoyo de la Petición* a la cual unió los documentos de *Consentimiento de familiar con derecho a ejercer cargo de tutor*, firmada por Angela Burgos Fragoso y por Saturnina Fragoso Piñeiro, hermana y madre de

---

[1] Escrito en Cumplimiento de Orden del Procurador General, págs. 2 y 3.
[2] Íd., pág. 3.

Margarita respectivamente. Incluyeron, además la Certificación de la Corte de Quiebras.[3]

El 29 de enero de 2024, el foro primario indicó que, "todo documento que se cargue al SUMAC tiene que estar precedido por moción".[4]

El 9 de mayo de 2024, la peticionaria Burgos Fragoso presentó una *Moción Notificando Curriculum del Perito Médico y Certificación de Incapacidad de Margarita Burgos Fragoso y Solicitando otros Remedios*. Incluyó diversos documentos que incluyen el *Consentimiento para uso y divulgación de salud* y *Autorización* para las pacientes Margarita Burgos Fragoso y Saturnina Fragoso; una carta de 23 de abril de 2024 del Dr. Marcelino Cintrón Pontón y el *Curriculum Vitae* de este. En la *Moción*, le solicitó al Tribunal de Instancia que le notificara qué otro documento o información faltaba por presentar y que, de estar completa la información, señalara vista.[5]

El 22 de mayo de 2024 el Tribunal le concedió diez (10) días al Procurador de Asuntos de Familia para que fijara su posición, extendido este término tres días más.[6] El 5 de junio de 2024, el Procurador presentó un escrito de *Informe Fiscal*, *Solicitando Documentos*. En general, adujo que no se había presentado el diligenciamiento del emplazamiento expedido el 27 de enero de 2024. Además, que la peticionaria no cumplió con los requisitos de certificado de nacimiento de la presunta incapaz, información de los tutores, informe socioeconómico, avalúo de bienes, gastos e ingresos. Solicitó que se desestimara la acción.

---

[3] Íd., pág. 3.
[4] Apéndice pág. 27.
[5] Documento verificado en SUMAC, de conformidad con la facultad que nos concede la Regla 77 (D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B, entrada 8.
[6] Escrito en Cumplimiento de Orden del Procurador General, pág. 3.

En respuesta, el 6 de junio de 2024, notificada el día siguiente, el TPI dictó *Sentencia.* Desestimó sin perjuicio la petición porque Burgos Fragoso no cumplió con el trámite del emplazamiento y por falta de interés. Esto último, por no cumplir en su totalidad con la orden de 20 de diciembre de 2023.

Insatisfecha, el 17 de junio de 2024, la peticionaria solicitó *Reconsideración*. Explicó que el 16 de enero de 2024, presentó el emplazamiento diligenciado a doce (12) días luego de expedido, según se refleja en la entrada 5 de SUMAC. Agregó que incluyó en SUMAC los anejos de la *Petición* juramentada, el Formulario OAT 1462, junto a los consentimientos de los familiares cercanos a la presunta incapaz. Que los certificados de nacimiento notificados en la *Petición*, aparentemente no se registraron en el sistema SUMAC, sin embargo, los incluyó nuevamente junto a la *Reconsideración*. Explicó que tuvo problemas para la contratación del perito médico, pues el médico de cabecera se negó a comparecer al Tribunal y su oficina dilató la entrega de los expedientes. Aseveró que otro médico aceptó realizar la tarea y sus documentos ya fueron presentados en SUMAC. Solicitó que se le conceda la oportunidad de someter el informe socioeconómico y completar el trámite.

El 26 de junio de 2024, el Procurador presentó su *Informe Fiscal.* Aceptó que el emplazamiento fue diligenciado y presentado dentro del término, y que el informe del médico se presentó en mayo de 2024. No obstante, adujo que habían transcurrido seis meses desde la presentación del caso y que aún no estaba listo. Le solicitó al foro primario que procediera conforme a Derecho.

Al día siguiente, el foro primario denegó la solicitud de *Reconsideración*.

En desacuerdo, el 29 de julio de 2024, la peticionaria acudió ante nos mediante la presente acción. Arguyó que incidió el Tribunal de Primera Instancia, al:

> Primero: Al desestimar la Petición fundado en que la presunta incapaz no había sido emplazada.
>
> Segundo: Al desestimar la Petición fundado en que la presunta incapaz no tenía interés en el caso.
>
> Tercero: Al incurrir en abuso de discreción al desestimar la petición presentada.

El Procurador de Asuntos de Familia presentó su posición en torno al recurso, así perfeccionado, disponemos.

El procedimiento para la declaración de incapacidad y nombramiento de tutor no está en controversia. Resta dilucidar si procedía la desestimación por falta del emplazamiento y por alegada falta de interés en el trámite.

**II.**

**A.**

El emplazamiento es un mecanismo procesal que tiene el propósito de notificar al demandado sobre la existencia de una reclamación incoada en su contra y, a su vez, es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado. Ross Valedón vs. Hosp. Dr. Susoni Et Al, 2024 TSPR 10, 213 DPR__ (2024); Pérez Quiles v. Santiago Cintrón, 206 DPR 379, 384 (2021). De esta forma, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial". Íd.

En cuanto al término para diligenciar un emplazamiento, la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, provee que:

> [e]l emplazamiento será diligenciado en el término de **ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto.** El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. **Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga**. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio**. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. (Énfasis nuestro).

Ross Valedón vs. Hosp. Dr. Susoni Et Al, *supra*.

**B.**

Sobre la desestimación de las acciones, la Regla 39.2 (a) y (b) de Procedimiento Civil, 32 LPRA Ap. V, proveen el trámite a seguir en casos de incumplimiento e inactividad, a saber:

> (a) Si la parte demandante deja de cumplir con estas reglas **o con cualquier orden del tribunal**, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra esta **o la eliminación de las alegaciones**, según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá **después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder**. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer **sanciones al abogado** o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún **caso será menor de treinta (30) días**, a menos que las circunstancias del caso justifiquen que se reduzca el término.

> (b) El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales

no se haya efectuado trámite alguno por cualquiera de las partes durante los **últimos seis meses**, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no se considerarán como un trámite a los fines de esta regla. El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o la Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los asuntos. (Énfasis nuestro).

Los tribunales tienen el poder discrecional, según las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte. No obstante, esa determinación debe ejercerse juiciosa y apropiadamente. Mejías et al. v. Carrasquillo et al., 185 DPR 288, 298 (2012); Maldonado v. Srio. de Rec. Naturales, 113 DPR 494, 498 (1982).

El Tribunal Supremo ha sido enfático en que, antes de ordenar la desestimación del pleito o la eliminación de las alegaciones, el tribunal tiene que ejecutar el orden de prelación que establece la Regla 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V. Mitsubishi Motor v. Lunor y otros, 212 DPR 807, 820 (2023); Maldonado v. Srio. de Rec. Naturales, supra.

Tal como provee la Regla 39.2 (a), *supra*, primero, el Tribunal tiene que apercibir de la situación a la representación legal de la parte y concederle la oportunidad para responder. Si el representante legal no responde al apercibimiento, el Tribunal le impondrá sanciones y le notificará directamente a la parte sobre el asunto. Mitsubishi Motor v. Lunor y otros, *supra*; HRS Erase, Inc. v. Centro Médico del Turabo, Inc., 205 DPR 689, 699 (2020). Una vez que la parte haya sido informada o apercibida de la situación y de las consecuencias que el incumplimiento conlleva, deberá corregirla dentro del término que el tribunal de instancia le conceda. El plazo conferido será razonable y, salvo que las

circunstancias del caso lo justifiquen, **no será menor de treinta días.** Si la parte no toma acción correctiva al respecto "nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas." Mitsubishi Motor v. Lunor y otros, *supra*; HRS Erase, Inc. v. Centro Médico del Turabo, Inc., *supra*, pág. 702; Maldonado v. Srio. de Rec. Naturales, *supra*. Cumplido este trámite, el tribunal se encontrará en posición para imponer la sanción que corresponda. Mitsubishi Motor v. Lunor y otros, *supra*.

Las sanciones como la desestimación de un pleito o la eliminación de las alegaciones son medidas drásticas que chocan con nuestra política pública a favor de que los casos se ventilen en sus méritos. HRS Erase, Inc. v. Centro Médico del Turabo, *supra.*

En el contexto de la Regla 39.2 (b) de Procedimiento Civil, *supra*, también se ha reconocido como norma que, antes de proceder a la desestimación de un caso como sanción, debe haber quedado demostrado de forma clara e inequívoca la desatención y el abandono total de la parte con interés, además de constatarse que otras sanciones hayan sido ineficaces. Mun. de Arecibo v. Almac. Yakima, 154 DPR 217, 222 (2001). Ello, después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento. Íd. Cónsono con lo anterior, luego de que las partes expongan los motivos por los cuales no debe desestimarse el caso, el tribunal debe realizar un balance de intereses entre la necesidad que tiene el tribunal de administrar su calendario, la necesidad de que los casos se resuelvan de forma expedita y el perjuicio ocasionado al demandado por la dilación en el caso. Íd,

pág. 223. De no demostrarse perjuicio verdadero con la dilación, es irrazonable ordenar el archivo. Íd.

Al evaluar la desestimación bajo la Regla 39.2 (b), *supra*, también es menester que los tribunales atemperen su aplicación, frente a la política pública de que los casos se ventilen en sus méritos. Sánchez Rodríguez v. Adm. de Corrección, 177 DPR 714, 724 (2009). Ciertamente, el uso desmesurado de este mecanismo procesal puede vulnerar el fin que persiguen los tribunales, que es impartir justicia. Íd. Por lo tanto, al ser esta sanción la más drástica que puede imponer un tribunal ante la dilación en el trámite de un caso, se debe recurrir a ella en casos extremos. Íd.

Conforme a los preceptos jurídicos antes mencionados, procedemos a evaluar el recurso ante nuestra consideración.

## III.

La peticionaria Burgos Fragoso solicita que revisemos la Sentencia del foro primario, en una acción *exparte* de declaración de incapacidad y nombramiento de tutor para su hermana Margarita Burgos. El Foro Primario desestimó sin perjuicio la acción porque la peticionaria no cumplió con el trámite del emplazamiento y por presunta falta de interés.

En cuanto al trámite del emplazamiento, incidió el foro primario. De los hechos que informa esta causa, surge que el 18 de diciembre de 2023 la peticionaria Burgos Fragoso presentó una acción *ex parte sobre Declaración de incapacidad y nombramiento de tutor.* El 14 de enero de 2024 se emplazó a la presunta incapaz Margarita Burgos y el 16 de enero de 2024, el emplazamiento fue juramentado ante la Secretaría del Tribunal. El 27 de enero de 2024, el emplazamiento fue presentado en SUMAC, en la entrada número 5, según lo corroboramos.

El Procurador de la Familia, en el escrito de *Informe Fiscal* que sometió el 26 de junio de 2024, aceptó que la presunta incapaz fue emplazada dentro del término. Así también lo asintió el Procurador General en su escrito ante nuestro foro. Este indicó que el foro primario adquirió jurisdicción sobre la persona.

Por tanto, el emplazamiento se diligenció oportunamente, en menos de un mes de presentada la acción, y fue debidamente presentado en SUMAC. Todo este trámite ocurrió dentro del término de 120 días que fija la Regla 4.3 de Procedimiento Civil, *supra.*

Los siguientes dos señalamientos son relacionados a la decisión del foro primario de desestimar la acción por falta de interés o por no cumplir con la Orden del 19 de diciembre de 2023. También ese error fue cometido.

El caso inició el 18 de diciembre de 2023. Luego de emplazada Margarita Burgos, el 27 de enero de 2024, la peticionaria Burgos Fragoso presentó una *Moción para Someter documentos en Apoyo a la Petición* a la cual unió ciertos documentos de *Consentimiento de familiar,* así como, la Certificación de la Corte de Quiebras. Luego, el 9 de mayo de 2024, incoó una *Moción Notificando Curriculum del Perito Médico, Certificación de Incapacidad y Solicitando otros Remedios*. Además, de incluir los documentos, le indicó al Tribunal que le notificara si hacía falta algún otro documento. También solicitó que se señalara la vista.

Como vemos, la señora Burgos Fragoso mantuvo su caso activo en el Tribunal al suplir la información que iba recopilando en el transcurso del caso. Esto, a los fines de cumplir la Orden del Tribunal emitida el día siguiente de presentado el caso en diciembre de 2023. Incluso, en el escrito de 9 de mayo de 2024,

la peticionaria, le solicitó al tribunal que calendarizara una vista. Todo esto, demostró su interés en la pronta solución de la petición que interpuso.

Aun así, el 6 de junio de 2024, a menos de **seis (6)** meses de presentado el caso, y a menos de un mes de la moción de 9 de mayo de 2024, el foro primario desestimó la acción, a petición del Procurador de la Familia. No obstante, en este caso, no estamos en el escenario de la inactividad durante seis meses, que dispone la Regla 39.2 (b) de Procedimiento Civil, *supra*.

Tampoco procedía la desestimación, a tenor con la Regla 39.2 (a) de Procedimiento Civil, *supra*, por incumplimiento a alguna orden. Para esta vía, el foro primario debía tomar las medidas progresivas previas que exige la citada Regla 39.2, *supra*. Estas eran, apercibir de la situación a la representación legal de la parte y concederle la oportunidad para responder. Si no responde, el tribunal le impondrá sanciones y le notificará directamente a la parte sobre el asunto para que corrija la situación en un tiempo razonable, que por lo regular no debe ser menor de treinta (30) días.[7]

Del expediente no surge que el Tribunal de Instancia cumpliera con estos trámites de notificación, apercibimiento y sanciones al abogado y luego, directamente a la parte, antes de desestimar. Incluso, en la *Moción de Reconsideración*, Burgos Fragoso le explicó al Foro de Instancia que la tardanza en presentar la información del perito, se debió a que el médico inicialmente contactado no estaba disponible para acudir al tribunal. Por ello, tuvo que hacer otras diligencias para conseguir

---

[7] Véase, Mitsubishi Motor v. Lunor y otros, *supra*; HRS Erase, Inc. v. Centro Médico del Turabo, Inc., *supra*.

otro galeno.    Esta explicación era razonable, ante la sabida escasez y dificultad de conseguir médicos en la Isla.

En fin, la peticionaria no rebasó los seis meses de inactividad ni incumplió con alguna orden del tribunal que justifique la sanción extrema que se le aplicó.    El proceder que requiere la justicia es completar el trámite en un tiempo prudente dentro de los límites que las Reglas proveen para no emitir la sanción severa de la desestimación por sutilezas procesales que no fueron debidamente encaminadas por el foro primario.

**IV.**

Por las razones antes expresadas, *se Revoca* la Sentencia. Devolvemos el asunto al foro primario para que continúen los procedimientos.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones